61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Manuel MENDOZA, aka: Javier Reyes Mendoza,
Defendant-Appellant.
 No. 94-50202.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 18, 1995.
 
 Before: LAY,** BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Victor Manuel Mendoza appeals his jury conviction for attempted armed robbery of an automobile and use of a firearm during a crime of violence, in violation of 18 U.S.C. Secs. 2119 and 924(c). We affirm.
 
 I. Illegal Stop/Arrest
 
 3
 Mendoza contends that the investigatory stop was unsupported by reasonable suspicion, and that the officers' use of force transformed the Terry stop into an illegal arrest unsupported by probable cause. Considering the totality of the circumstances, Officers Landers and Doyle were aware of specific, articulable facts which, together with objective and reasonable inferences, formed a reasonable basis for suspecting Mendoza was involved in the truckjacking. See Terry v. Ohio, 392 U.S. 1, 30 (1968); United States v. Sokolow, 490 U.S. 1, 3-8 (1988). Moreover, considering the totality of surrounding circumstances, the brief restriction of Mendoza's liberty was a permissible and reasonably necessary precaution to insure the personal safety of the officers during the investigation. See United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.), cert. denied, 459 U.S. 1211 (1982); United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 502 U.S. 854 (1991).
 
 II. Impermissibly Suggestive Identification
 
 4
 The district court did not err by denying Mendoza's motion to suppress identification evidence he claims was irreparably tainted by impermissibly suggestive field show-up procedures. The field show-up procedure was not so impermissibly suggestive as to taint the subsequent identification because it failed to give rise to a substantial likelihood of irreparable misidentification. See Manson v. Braithwaite, 432 U.S. 98, 114 (1977); United States v. Bagley, 772 F.2d 482, 492-93 (9th Cir. 1985), cert. denied, 475 U.S. 1023 (1986). Further, the in-court identification testimony rested on independent recollections uninfluenced by allegedly suggestive pre-trial procedures, and therefore was sufficiently reliable to admit into evidence. See United States v. Crews, 445 U.S. 463, 473 (1980); United States v. Foppe, 993 F.2d 1444, 1449 (9th Cir.), cert. denied, 114 S. Ct. 615 (1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Hon. Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3